UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MYRNA OTIS, as the personal representative of the estate of MICHAEL OTIS, on behalf of the estate, and his Survivors | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| ABBOTT LABORATORIES; THE NEW YORK AND PRESBYTERIAN HOSPITAL; COLUMBIA UNIVERSITY MEDICAL CENTER;  NEW YORK PRESBYTERIAN FOUNDATION, INC.; NEW YORK PRESBYTERIAN GLOBAL, INC.; and NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM, INC. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the Specially Appearing Defendants, THE NEW YORK AND PRESBYTERIAN HOSPITAL s/h/a "NEW YORK PRESBYTERIAN FOUNDATION, INC., NEW YORK PRESBYTERIAN GLOBAL, INC., and NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM, INC.," and THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK s/h/a "COLUMBIA UNIVERSITY MEDICAL CENTER" (hereafter referred to as "The NY Hospital Defendants"), by counsel, hereby removes the above-captioned case from the Thirteenth Judicial Circuit of Florida to the United States District Court for the Middle District of Florida.  Removal is based on 28 U.S.C. §§ 1332, 1441, and 1446, and is proper because this is an action between citizens of different states in which the amount in

2645181.1

controversy exceeds $75,000, exclusive of any claimed interest, costs and attorneys' fees. *See* 28 U.S.C. § 1332(a); *AAA Abachman Enter., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008) (case properly removed based on diversity).

In support of this Notice of Removal, Specially Appearing Defendants, The NY Hospital Defendants, state as follows:

## I.   REVEVANT PROCEDURAL BACKGROUND

On or about January 4, 2022, Plaintiff Myrna Otis ("Plaintiff"), commenced this civil lawsuit, styled as Myrna Otis, as the Personal Representative of the Estate of Michael Otis, on behalf of the Estate, and his Survivors v. Abbott Laboratories, et al., Case No. 22-CA-000056, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Plaintiff filed an Amended Complaint on January 5, 2022 – the only difference appears to be that Plaintiff corrected the name of the Court in which the Complaint was filed, attached hereto as **Exhibit A**.  In that original action, Plaintiff claimed to be at "all times relevant herein," "a citizen and resident of Westchester County, New York."

Thereafter, on April 11, 2022, based on diversity of citizenship based on fraudulent joinder, Defendant Abbott Laboratories filed a Notice of Removal of that original action to this United States District Court, Middle District of Florida, case number 8:22-cv-863-KKM-JSS. Ultimately, that action was returned to state court by Order dated September13,2022 based on the analysis by the Court that diversity must fail because the Plaintiff Otis is a citizen of New York, The NY Hospital Defendants were also citizens of New York and while not specifically set forth, a claim was arguably asserted against The NY Hospital Defendants.

This matter was returned to state court in Hillsborough County, Florida.  Thereafter, on October 15, 2022, Plaintiff filed a Second Amended Complaint in that state-court action, attached hereto as **Exhibit B**.  A copy of the state court docket is attached as **Exhibit C**.  In that Second Amended Complaint, Plaintiff changed and amended her state of residency and asserted that "[a]t all times material, Plaintiff was a resident of Hillsborough County, Florida."  (Ex. B, Second Amend. Compl., ¶2, p. 2).

This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Specially Appearing Defendants, The NY Hospital Defendants, have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II.  SPECIALLY APPEARING DEFENDANTS, THE NY HOSPITAL DEFENDANTS, HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Specially Appearing Defendants, The NY Hospital Defendants, were served with the Second Amended Complaint in the state court action on October 15, 2022. *See* Ex. B; Ex. C. Therefore, this Notice of Removal is timely filed within the period required by 28 U.S.C. §1446(b)(2)(B).

Further, venue is proper in the United States District Court for the Middle District of Florida, and this case is properly removed to this Court, because it is "the district and division embracing the place where such action is pending" within the meaning of 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 89 (providing that Hillsborough County is in the Middle District of Florida).

Pursuant to 28 U.S.C. § 1446(d), Specially Appearing Defendants, The NY Hospital Defendants, will promptly provide written notice of the filing of this Notice of Removal to

3

Plaintiff and will file a copy of the Notice with the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

An additional pleading has been filed since the Second Amended Complaint was filed. On October 25, 2022, Plaintiff filed a Notice of Voluntary Dismissal, removing Abbott Laboratories as a named Defendant in this matter. That pleading in question is attached hereto as **Exhibit D**.

This case is removed subject to and without waiver of any challenges that Specially Appearing Defendants, The NY Hospital Defendants, may have as to personal jurisdiction, service of process, improper venue, or any other claims or defenses that may be available, all of which are expressly reserved. Specially Appearing Defendants, The NY Hospital Defendants, further reserve the right to amend or supplement this Notice of Removal.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A. Complete Diversity Exists Between Plaintiff and the Specially Appearing Defendants, The NY Hospital Defendants.**

Upon information and belief, Plaintiff is a citizen of Florida. (*See* Ex. B, Second Amend. Compl. at p. 2, ¶2, alleging "[a]t all times material, Plaintiff was a resident of Hillsborough County, Florida.").

4

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of [any] State . . . by which it has been incorporated and of the State . . . where it has its principal place of business…"

Specially Appearing Defendants, The NY Hospital Defendants, are corporations and entities organized under the laws of the State of New York, with their principal place of business in the State of New York. The Plaintiff alleged that these NY Hospital Defendants are organized under the laws of New York, and their principal places of business are in New York, (Ex. A, ¶5). This Court made a specific finding in its Order of September 13,2022 that these NY Hospital Defendants are citizens of New York, (Order attached as **Exhibit E**, p. 2). Therefore, Specially Appearing Defendants, The NY Hospital Defendants, are citizens of New York for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332.

Because Plaintiff, on the one hand, and Specially Appearing Defendants, The NY Hospital Defendants, on the other hand, are citizens of different States, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

### B.  The Amount in Controversy is Met.

The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Cowan v. Genesco, Inc*., No. 3:14-CV-261-J-34JRK, U.S. Dist. LEXIS 95412, at *7 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc*., 608

F.3d 744, 754 (11th Cir. 2010)). The notice of removal need only include a plausible allegation. *Dart*, 574 U.S. at 83.

"District courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case . . . establishes the jurisdictional amount." *Wineberger v. RaceTrac Petroleum, Inc*., 672 Fed. Appx. 914, 917 (11th Cir. 2016) (internal quotations omitted); *see also Buckles v. Coombs*, No. 6:16-cv-1619-Orl-37KRS, 2016 U.S. Dist. LEXIS 180784, at *11 (M.D. Fla. Dec. 28, 2016) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.") (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

Here, the only reference to an amount in controversy is Plaintiff's demand for "damages in excess of thirty thousand dollars ($30,000)." (Ex. B, Second Amend. Compl. at ¶1). However, removal is proper because the pleadings permit reasonable deductions and inferences establishing that the jurisdictional amount in controversy exceeds $75,000.

Plaintiff alleges that this is a "product defect case" and a "medical malpractice" action, and that the decedent "suffered severe bleeding, multi-organ failure and died" as a result of the malfunction of a heart implant device.  It is further alleged that The NY Hospital Defendants "caused serious complications and death, (Ex. B, Second Amend. Compl. Count VI, ¶23 and ¶30). Plaintiff seeks "all damages to which the Plaintiff is entitled arising from the medical malpractice." (Count VI, Second Amend. Compl).

In product liability and personal injury actions with allegations similar to this one, courts – including courts in the Eleventh Circuit – regularly find that the amount in controversy exceeds

$75,000, exclusive of interest and costs. *See*, e.g., *Buckles*, 2016 U.S. Dist. LEXIS 180784, at *11-*12 (finding the amount in controversy requirement met in medical device products liability case where plaintiff's complaint only stated that she was seeking more than $15,000 in damages, because the complaint also alleged "a laundry list of serious damages," including surgery, past and future medical expenses, pain and suffering); *Keogh v. Clarke Envtl. Mosquito Mgmt., Inc.*, No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *6 (M.D. Fla. Jan. 17, 2013) (concluding in a wrongful death case that "the Court could foresee a jury, upon consideration of the alleged facts, awarding more than $75,000 to Plaintiff for pain and suffering damages alone"); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380-81 (M.D. Fla. 2009) (amount in controversy satisfied in medical device product liability action involving significant claimed injuries); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) ("[T]he Court is satisfied from the face of the Complaint that the amount in controversy has been met," where plaintiff alleged multiple surgeries, "claims that she has and will continue to suffer severe and possibly permanent injuries, emotional suffering and pain," and sought punitive damages).

These Specially Appearing Defendants, The NY Hospital Defendants, do not concede that Plaintiff is entitled to recover more than $75,000.  Indeed, Specially Appearing Defendants, The NY Hospital Defendants, deny that Plaintiff is entitled to recover any damages at all. However, based on the action asserted by Plaintiff, it is clear that the amount in controversy requirement is met and, accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

**WHEREFORE**, Specially Appearing Defendants, THE NEW YORK AND PRESBYTERIAN HOSPITAL s/h/a "NEW YORK PRESBYTERIAN FOUNDATION, INC., NEW YORK PRESBYTERIAN GLOBAL, INC., and NEW YORK PRESBYTERIAN

HEALTHCARE SYSTEM, INC.", and THE TRUSTEES OF COLUMBIA UNIVERSITY IN

THE CITY OF NEW YORK s/h/a "COLUMBIA UNIVERSITY MEDICAL CENTER" hereby

effectuate the removal of the above-styled action, originally filed in the Circuit Court of the

Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to this Court, under 28

U.S.C. §§ 1332 and 1441, and requests that further proceedings be conducted in this Court as

provided by law.

DATED: November 14, 2022

/s/ *Mark E. McLaughlin*

_____

MARK E. MCLAUGHLIN, ESQ.
Florida Bar No.:  861774
JEFFREY D. THOMPSON, ESQ.
Florida Bar No.:  64089
BEYTIN, MCLAUGHLIN, MCLAUGHLIN,
O'HARA & BOCCHINO, P.A.
1706 East Eleventh Avenue
Tampa, FL  33605
Tel: (813) 226-3000; Fax: (813) 226-3001
Primary: mmeservice@law-fla.com
Secondary: law-fla@outlook.com
*Counsel for: Defendants THE NEW YORK AND
PRESBYTERIAN HOSPITAL s/h/a "NEW YORK
PRESBYTERIAN FOUNDATION, INC., NEW YORK
PRESBYTERIAN GLOBAL, INC., and NEW YORK
PRESBYTERIAN HEALTHCARE SYSTEM, INC.", and
THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE
CITY OF NEW YORK s/h/a "COLUMBIA UNIVERSITY
MEDICAL CENTER"*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November ___, 2022, I have electronically filed this

document with the U.S. District Court, Middle District of Florida, Tampa Division, to be served

9

on all parties hereto via CM-ECF.  I further certify that a true and correct copy of the foregoing

notice and accompanying attachments was served this date via email and certified mail upon

counsel listed below: Thomas J. Cherichello, Esq. TjCherichello@aol.com Counsel for Plaintiff

4411 Bee Ridge Rd # 187 Sarasota, Florida 34233 Phone: (941) 250-6827 Fax: (941) 761-6080.


/s/ *Mark E. McLaughlin*

_____

MARK E. MCLAUGHLIN, ESQ.